## 11568

### STATE v. BOYD

#### (123 S. E., 820)

CRIMINAL LAW—COUNTER AFFIDAVITS AS TO FRAUD IN SECURING AFFIDAVITS HELD TO SUPPORT REFUSAL TO GRANT NEW TRIAL.—Witnesses' affidavits that they had testified falsely, and counter affidavits of same witnesses that they had been induced to sign affidavits without reading them, and reaffirming their testimony at trial, *held* to support a refusal to grant a new trial.

Before SEASE, J., Aiken, January, 1924. Affirmed.

Motion for a new trial on ground of after-discovered evidence by D. Chester Boyd. From an order refusing this motion, defendant appeals.

*Mr. William M. Smoak,* for appellant, cites: *New trial on after-discovered evidence:* 121 S. C., 195; 108 S. C., 298; 106 S. C., 439; 116 S. C., 280; 114 S. E., 542; 122 S. C., 499.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Evidence could have been discovered before trial:* 85 S. C., 229; 89 S. C., 41. *Motion addressed to discretion of Court:* 122 S. C., 354; 15 S. C., 247; 49 S. C., 330; 85 S. C., 232.

August 7, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an appeal from an order refusing a motion for a new trial on after-discovered evidence. The motion should not have been granted. Several of the affidavits were by important witnesses for the prosecution, in which they stated that their testimony for the State on the trial of the case was false, and that they had been overpersuaded to testify as they did by some people who had a grudge against the appellant. So far the appellant had a good case for a new trial.

The State then produced affidavits from these same witnesses, in which they stated that they had been misled into signing the affidavits presented by the appellant, that they had not read the affidavits presented to them by the agents of the appellant, nor had the affidavits been read to them; that they were told that the papers they signed were requests for a new trial, and they did not know that in the affidavits they repudiated the testimony they had given on the trial. In their last affidavits they reaffirmed their statements on the trial.

The appellant made no effort to sustain his affidavits by showing the circumstances under which his affidavits had been signed. This broke the morale of the appellant's case, and the order appealed from is affirmed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN: I think that the showing is sufficient to entitle the defendant to a new trial. There is much more evidence presented than appears to have been considered by Mr. Justice Fraser,—evidence tending to show that Moseley was drunk, had a pistol, and precipitated the shooting and that his pistol was concealed by his wife.